IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 20-cv-03373-CMA-SKC

CRAIG SCOT SHEPPARD,

    Plaintiff,

v.

JEFFERSON COUNTY SHERIFF'S OFFICE DETENTION FACILITY, and
JEFF SHRADER, Sheriff,

    Defendants.

---

## ORDER ADOPTING RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

---

    This matter is before the Court on the August 10, 2021 Recommendation of U.S. Magistrate Judge Re: Jefferson County Defendants' Motion to Dismiss (Doc. # 46), wherein United States Magistrate Judge S. Kato Crews recommends that this Court grant Defendants Jefferson County Sheriff's Office Detention Facility and Sheriff Jeff Shrader's (collectively, the "Jefferson County Defendants") Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. # 30). The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

    The Recommendation advised the parties that specific written objections were due within fourteen (14) days after being served with a copy of the Recommendation. (Doc. # 46 at 13.) Despite this advisement, no objection to Magistrate Judge Crews's Recommendation has been filed by any party.

"[T]he district court is accorded considerable discretion with respect to the treatment of unchallenged magistrate reports. In the absence of timely objection, the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.")).

After reviewing the Recommendation of Magistrate Judge Crews, in addition to applicable portions of the record and relevant legal authority, the Court is satisfied that the Recommendation is sound and not clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a). Accordingly, the Court ORDERS as follows:

- the Recommendation of United States Magistrate Judge (Doc. # 46) is AFFIRMED and ADOPTED as an Order of this Court;
- the Jefferson County Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. # 30) is GRANTED;
- Plaintiff's claims against the Jefferson County Sheriff's Office Detention Facility are hereby DISMISSED WITH PREJUDICE because the Detention Facility is not a separate legal entity that may be sued and, therefore, amendment of the complaint with respect to this defendant would be futile. *See Tunget v. Bd. of Cty. Comm'rs of Delta Cty.*, 992 P.2d 650, 652 (Colo. App. 1999) ("The sheriff is the appropriate governing entity to deal with a claim against a deputy sheriff.");

- Plaintiff's claims against Sheriff Jeff Shrader are hereby DISMISSED WITHOUT PREJUDICE. *See Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001) (holding that when a plaintiff is proceeding *pro se*, dismissal with prejudice is only appropriate "where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend" (quotation omitted)); and

- Plaintiff has to up to and including October 2, 2021, within which to file an Amended Complaint. Should Plaintiff fail to file an Amended Complaint, the Court will close this case at that time.

DATED:  September 2, 2021

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge